■ SANDRA MINOTT et al., Respondents, v CITY OF NEW YORK, Defendant, and SUNNYDALE FARMS, INC., Appellant. [645 NYS2d 879] —In a negligence action to recover damages for personal injuries, etc., the defendant Sunnydale Farms, Inc., appeals from an order of the Supreme Court, Kings County (Greenstein, J.), entered November 14, 1995, which denied its motion to dismiss the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendant is severed.

This negligence action is the result of the plaintiff Sandra Minott's slip and fall accident in a parking space on an icy section of Louisiana Avenue, Brooklyn, across the street from a store owned by Sunnydale Farms, Inc. (hereinafter Sunnydale). Sunnydale moved for summary judgment and the Supreme Court denied the motion, indicating that there was an issue of fact as to the issue of special use. We disagree and grant Sunnydale's motion.

"[L]iability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property * * * Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property" *(Turrisi v Ponderosa, Inc.,* 179 AD2d 956, 957, citing *Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 296-297; *see, Hausser v Giunta,* 217 AD2d 604; *Kobet v Consolidated Edison Co.,* 176 AD2d 785; *Zucker v 1255 Hewlett Plaza Realty Co.,* 172 AD2d 517). "The principle of special use, a narrow exception to the general rule, imposes an obligation on the abutting landowner, where he puts part of a public way to a special use for his own benefit and the part used is subject to his control, to maintain the part so used in a reasonably safe condition to avoid injury to others" *(Balsam v Delma Eng'g Corp., supra,* at 298; *see also, Granville v City of New York,* 211 AD2d 195, 197; *Curtis v City of New York,* 179 AD2d 432). Special use cases generally involve the installation of an object in the street or on the sidewalk, such as an oil cap or a runway, for the benefit of a private landowner *(see, Balsam v Delma Eng'g Corp., supra,* at 298). "The common thread in each of these cases was an installation 'exclusively for the accommodation of the owner of the premises which he was "bound to repair in consideration of private advantage" ' " *(Balsam v Delma Eng'g Corp., supra,* at 298, quoting *Nickelsburg v City of New York,* 263 App Div 625, 626; *see, Granville v City of New York, supra,* at 197). The special use is a use different from the normal intended use of the public way, and thus, "[t]he special use exception is reserved for situations where a landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use" *(Poirier v City of Schenectady,* 85 NY2d 310, 315).

Sunnydale, whose business does not abut the parking space, offered evidence that it did not own, maintain, or make a special use of the parking spaces on the public street. The plaintiffs failed to come forward with any opposing evidence demonstrating that Sunnydale created or caused the defective condition, or made a special use of the public parking spaces. The use by Sunnydale's customer of public parking spaces on a public road is not a "special benefit" giving rise to a special use *(see generally, Poirier v City of Schenectady, supra).* Rosenblatt, J. P., Santucci, Joy and Hart, JJ., concur.