■ HERBERT OBSER et al., Plaintiffs, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Appellants, and IANNELLI CONSTRUCTION CO., INC., Respondent. NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Third-Party Defendant-Respondent. [698 NYS2d 896] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs, the Board of Education of the City of New York and the City of New York, appeal, as limited by their brief, from so much of an order of the Supreme Court,

Queens County (Bruno, J.), dated August 18, 1998, as granted (a) that branch of the motion of the defendant Iannelli Construction Co., Inc., which was for summary judgment dismissing the cross claims against it, and (b) the motion of the third-party defendant New York City School Construction Authority for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents.

Contrary to the appellants' contention, the defendant Iannelli Construction Co., Inc. (hereinafter Iannelli) did not make a special use of the school entrance at which the plaintiff Herbert Obser was injured (*see, Minott v City of New York,* 230 AD2d 719). Further, neither Iannelli nor the third-party defendant, New York City School Construction Authority (hereinafter NYCSCA) controlled the area where the plaintiff Herbert Obser's accident occurred. Moreover, there was no evidence that they created the dangerous condition (*see, Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280). Therefore, both Iannelli and NYCSCA were entitled to summary judgment. S. Miller, J. P., Altman, Schmidt and Smith, JJ., concur.