■ SHIFRA MENDELOVITZ, Appellant, v ELYAHU COHEN et al., Respondents. [830 NYS2d 577]—

In an action, inter alia, to recover damages for breach of a joint venture agreement, the plaintiff appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated December 28, 2005, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is modified by deleting the provision thereof granting that branch of the motion which was to dismiss the first cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law (*see*

*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Williams v Williams*, 36 AD3d 693 [2007]; *Martin v New York Hosp. Med. Ctr. of Queens*, 34 AD3d 650 [2006]). The plaintiff's letter dated September 8, 2004, at best, was ambiguous on the question of an agreement. The letter did not conclusively establish a defense as a matter of law.

In reviewing a motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]; *Richmond Shop Smart, Inc. v Kenbar Dev. Ctr., LLC*, 32 AD3d 423 [2006]; *Kevin Spence & Sons v Boar's Head Provisions Co.*, 5 AD3d 352 [2004]; *Fresh Direct v Blue Martini Software*, 7 AD3d 487 [2004]). With regard to the first cause of action, the plaintiff sufficiently pleaded the existence of a joint venture agreement and the breach of that agreement.

The second cause of action alleged fraud. A cause of action alleging fraud will not lie where the only claim of fraud relates to a breach of contract (*see Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 34 AD3d 787 [2006]; *WIT Holding Corp. v Klein*, 282 AD2d 527 [2001]; *Weitz v Smith*, 231 AD2d 518 [1996]), and a mere misrepresentation of an intention to perform under the contract is insufficient to allege fraud (*Ross v DeLorenzo*, 28 AD3d 631, 636 [2006]). While a misrepresentation of a material fact which is collateral to the contract and serves as an inducement for the contract is sufficient to allege fraud (*id.*), the plaintiff did not allege that she was induced to enter the joint venture by a misrepresentation of any material fact collateral to the joint venture agreement (*cf. Richmond Shop Smart v Kenbar Dev. Ctr., supra*). Accordingly, the defendants were entitled to dismissal of the second cause of action pursuant to CPLR 3211 (a) (7).

The defendants also were entitled to dismissal of the third cause of action which sought the imposition of a constructive trust, albeit not on the same grounds relied upon by the Supreme Court. The elements of a cause of action for a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Doxey v Glen Cove Community Dev. Agency*, 28 AD3d 511 [2006]; *Gaentner v Benkovich*, 18 AD3d 424 [2005]). The Supreme Court concluded that the complaint was insufficient both as to the existence of a confidential relationship and a

transfer in reliance thereon. Although we conclude that the existence of a confidential relationship was sufficiently pleaded to withstand the motion to dismiss the third cause of action, the alleged transfer of the plaintiff's bidding and negotiating "rights" was not a transfer in reliance on the confidential relationship sufficient to set forth a cause of action for the imposition of a constructive trust (*cf. Gaentner v Benkovich,* 18 AD3d 424, 427 [2005]). Spolzino, J.P., Ritter, Lunn and Angiolillo, JJ., concur.