■ Mary Noia, Respondent, v Maria Maselli, Appellant, and City of New York et al., Respondents. (And a Third-Party Action.) [846 NYS2d 326]—

In an action to recover damages for personal injuries, the defendant Maria Maselli appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated September 13, 2006, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against the appellant is granted.

The plaintiff allegedly tripped and fell over a gas valve cover on a public sidewalk in front of premises owned by the appellant. The plaintiff commenced this action to recover damages for personal injuries premised on the appellant's alleged special use of the part of the sidewalk where she fell.

"Liability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property . . . Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property. The principle of special use, a narrow exception to the general rule, imposes an obligation on the abutting landowner, where he puts part of a public way to a special use for his own benefit and the part used is subject to his control, to maintain the part so used in a reasonably safe condition to avoid injury to others" (*Minott v City of New York*, 230 AD2d 719, 720 [1996] [internal quotation marks and citations omitted]; *see Kaufman v Silver*, 90 NY2d 204, 207 [1997]; *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 298 [1988]).

The appellant established her prima facie entitlement to judgment as a matter of law by demonstrating that she did not have exclusive access to or the ability to exercise control over the gas valve cover on which the plaintiff allegedly tripped and fell (*see Kaufman v Silver,* 90 NY2d 204 [1997]; *Posner v New York City Tr. Auth.,* 27 AD3d 542, 543-544 [2006]; *Minott v City of New York,* 230 AD2d at 719). In opposition, the respondents failed to raise a triable issue of fact. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.