■ VICTORIA RUFFINO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendants, and STERLING METS, L.P., Appellant. [865 NYS2d 667]—

In an action to recover damages for personal injuries, the defendant Sterling Mets, L.P., appeals from an order of the Supreme Court, Queens County (Lane, J.), entered April 2, 2007, which denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Sterling Mets, L.P., pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff commenced the instant action against Sterling Mets, L.P. (hereinafter Sterling), among others, to recover dam-

ages for personal injuries allegedly sustained by her when she tripped and fell over an uneven piece of wood while walking on a boardwalk between a Long Island Rail Road train station and a New York City Transit Authority subway station on her way to Shea Stadium. Sterling moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and all cross claims insofar as asserted against it, contending, inter alia, that it did not own, occupy, control, or make special use of the boardwalk. The plaintiff opposed the motion, contending, among other things, that Sterling did, in fact, make special use of the boardwalk and that it was obligated to provide her with a safe means of ingress to and egress from Shea Stadium. The Supreme Court denied Sterling's motion to dismiss, finding, in effect, that Sterling failed to establish that it did not have a duty to maintain the boardwalk in a safe condition even if it did not own, occupy, or control the boardwalk. "In determining whether a complaint is sufficient to withstand a motion pursuant to CPLR 3211 (a) (7), the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail. The court must accept the facts alleged in the complaint to be true and determine only whether the facts alleged fit within any cognizable legal theory. *However, bare legal conclusions are not entitled to the benefit of the presumption of truth and are not accorded every favorable inference. When the moving party offers evidentiary material, the court is required to determine whether the proponent of the pleading has a cause of action, not whether [he or] she has stated one.* Likewise, to succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence which forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Morris v Morris*, 306 AD2d 449, 451 [2003] [emphasis added; citations and internal quotation marks omitted]). Applying the foregoing standards to the instant case, Sterling's motion to dismiss the plaintiff's complaint and all cross claims insofar as asserted against it should have been granted.

As a general rule, "[l]iability for a dangerous or defective condition on property is . . . predicated upon ownership, occupancy, control or special use of the property . . . Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property" (*Noia v Maselli*, 45 AD3d 746, 746 [2007], quoting *Minott v City of New York*, 230 AD2d 719, 720 [1996] [internal quotation marks omitted]; *see Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 298

[1988]). "The principle of special use . . . imposes an obligation on the abutting landowner, where he puts part of a public way to a special use for his own benefit and the part used is subject to his control, to maintain the part so used in a reasonably safe condition to avoid injury to others" (*Noia v Maselli*, 45 AD3d at 746, quoting *Minott v City of New York*, 230 AD2d at 720 [internal quotation marks omitted]).

Here, Sterling submitted evidentiary material in support of its motion to dismiss demonstrating that the boardwalk is a public thoroughfare. As correctly observed by Sterling, "[t]he use by [Sterling's] customer[s] of [a] public [boardwalk] is not a special benefit giving rise to a special use" (*Minott v City of New York*, 230 AD2d at 720 [internal quotation marks omitted]; *see Lauer v Great S. Bay Seafood Co.*, 299 AD2d 325, 327 [2002]; *Schreiber v Goldlein Realty Corp.*, 251 AD2d 315, 316 [1998]; *Tortora v Pearl Foods*, 200 AD2d 471, 472 [1994]). While the plaintiff maintains that Sterling derived a special benefit from the boardwalk since the boardwalk allegedly was constructed specifically to connect Shea Stadium to the nearby Long Island Rail Road train station and New York City Transit Authority subway station, the plaintiff offered no evidentiary support for that conclusory allegation.

There also is no merit to the plaintiff's alternative contention that Sterling had a duty to maintain the boardwalk in a safe condition because the boardwalk provided a means of ingress to and egress from Shea Stadium, since, again, the evidentiary material submitted by Sterling and left unrefuted by the plaintiff established that Sterling did not own, occupy, or control the boardwalk (*see Haymon v Pettit*, 9 NY3d 324 [2007]; *cf. Gallagher v St. Raymond's R. C. Church*, 21 NY2d 554 [1968]).

The plaintiff's remaining contention is without merit. Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur.