Martin v Rizzatti (2016 NY Slip Op 05797)





Martin v Rizzatti


2016 NY Slip Op 05797


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
THOMAS A. DICKERSON
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-06701
2015-09222
 (Index No. 2988/11)

[*1]David Martin, appellant, 
v
Robert Rizzatti, defendant, El Fuerte Deli Grocery, et al., respondents.


William Schwitzer & Associates, P.C., New York, NY (Naomie Jean-Philippe and Howard R. Cohen of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Michael Pastor of counsel), for respondent City of New York.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (Genovesi, J.), dated May 1, 2015, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and denied his cross motion pursuant to CPLR 3025 for leave to amend the complaint and bill of particulars, and (2) so much of an order of the same court dated June 2, 2015, as granted that branch of the motion of the defendant El Fuerte Deli Grocery which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs payable to the defendant City of New York.
The plaintiff allegedly was injured when he tripped and fell after stepping into a hole in a sidewalk in Brooklyn abutting a storefront deli. The premises were owned by the defendant Robert Rizzatti, and the storefront was leased by the defendant El Fuerte Deli Grocery (hereinafter El Fuerte). The plaintiff commenced an action against Rizzatti and El Fuerte, and a separate action against the City of New York, to recover damages for personal injuries. After issue was joined, the Supreme Court consolidated the two actions. El Fuerte and the City separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. El Fuerte argued that it did not create or have actual or constructive notice of the alleged defect in the sidewalk, and that under the terms of its lease with Rizzatti, it was not responsible for making repairs to the sidewalk. The City argued that it had no prior written notice of the alleged defect and that the owner of the premises was responsible for sidewalk defects pursuant to Administrative Code of the City of New York § 7-210. In opposition to the City's motion, the plaintiff argued, inter alia, that the City failed to establish that the subject defect was not part of a "curb-cut/pedestrian ramp," such that the City's liability was not transferred to the abutting property owner pursuant to Administrative Code of the City of New York § 7-210. Additionally, the plaintiff cross-moved for leave to amend his complaint and bill of particulars to add an allegation that the City had received prior written notice of the subject defect. The court granted the motions of El Fuerte and the City, and denied the [*2]plaintiff's cross motion.
With respect to El Fuerte's motion, a lessee of property which abuts a public sidewalk owes no duty to maintain the sidewalk in a safe condition, and liability may not be imposed upon it for injuries sustained as a result of a dangerous condition in the sidewalk, except where the abutting lessee either created the condition, voluntarily but negligently made repairs, caused the condition to occur because of some special use, or violated a statute or ordinance placing upon the lessee the obligation to maintain the sidewalk which imposes liability upon the lessee for injuries caused by a violation of that duty (see Dalder v Incorporated Vil. of Rockville Ctr., 116 AD3d 908, 909; O'Toole v City of Yonkers, 107 AD3d 866, 867; Berkowitz v Spring Cr., Inc., 56 AD3d 594, 595-596; Lowenthal v Theodore H. Heidrich Realty Corp., 304 AD2d 725, 726).
In support of its motion for summary judgment, El Fuerte demonstrated, prima facie, that it did not create the alleged defective condition, make any repairs to the sidewalk, cause the alleged condition to occur because of some special use, or violate any statute or ordinance. Additionally, El Fuerte established that there was no provision of the lease which obligated it to make repairs to the sidewalk. In any event, a provision of a lease which obligates a tenant to repair a sidewalk does not impose on the tenant a duty to a third party, such as the plaintiff (see Collado v Cruz, 81 AD3d 542). In opposition, the plaintiff failed to raise a triable issue of fact.
With respect to the City's motion, Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, "shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (Grier v 35-63 Realty, Inc., 70 AD3d 772, 773). Although pedestrian ramps leading from the street onto a sidewalk are not part of the sidewalk for the purpose of imposing liability on abutting landowners pursuant to that provision (see Rodriguez v Themelion Realty Corp., 94 AD3d 733, 733; Gary v 101 Owners Corp., 89 AD3d 627; Vidakovic v City of New York, 84 AD3d 1357, 1357-1358), here, the City established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence demonstrating that the plaintiff fell on an alleged defect located on the sidewalk and not on the pedestrian ramp. In opposition, the plaintiff failed to raise a triable issue of fact.
Although leave to amend a complaint should be freely given (see CPLR 3025[b]), a court should deny a motion for leave to amend a complaint if the proposed amendment is palpably insufficient, would prejudice or surprise the defendant, or is patently devoid of merit (see Jones v LeFrance Leasing Ltd. Partnership, 127 AD3d 819, 821; Martin v Village of Freeport, 71 AD3d 745, 745). Here, the Supreme Court properly denied the plaintiff's cross motion for leave to amend his complaint and bill of particulars to include an allegation that the City had received prior written notice of the alleged sidewalk defect, inasmuch as that allegation was patently devoid of merit.
The plaintiff's remaining contentions are without merit.
Based on the foregoing, the Supreme Court properly granted those branches of the separate motions of El Fuerte and the City which were for summary judgment dismissing the complaint insofar as asserted against each of them, and properly denied the plaintiff's cross motion for leave to amend the complaint and bill of particulars.
CHAMBERS, J.P., DICKERSON, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court