■ DENNIS HSU et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [43 NYS3d 139]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered May 19, 2015, as granted that branch of the motion of the defendants City of New York and 85-01 24th Avenue, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants City of New York and 85-01 24th Avenue, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York is denied.

The plaintiff Dennis Hsu (hereinafter the injured plaintiff) allegedly was injured when he tripped and fell on a sidewalk abutting certain premises in Queens. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries against, among others, the City of New York and 85-01 24th Avenue, LLC (hereinafter together the defendants). At the time of the incident, neither of the defendants owned the premises; rather, the City leased the premises from the then-title owner, which was not named as a party to the action. 85-01 24th Avenue, LLC, became the record owner of the premises six months after the incident.

The defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court granted the motion. The plaintiffs appeal from so much of the order as granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the City.

Administrative Code of the City of New York § 7-210 imposes a nondelegable duty on a property owner to maintain and

repair the sidewalk abutting its property, and specifically imposes liability upon certain property owners for injuries resulting from a violation of the code provision (*see* Administrative Code § 7-210; *Zorin v City of New York*, 137 AD3d 1116, 1117 [2016]).

As a general rule, the provisions of a lease obligating a tenant to repair the sidewalk do not impose on the tenant a duty to a third party (*see Martin v Rizzatti*, 142 AD3d 591, 593 [2016]). This is in accordance with the principle that "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, the Court of Appeals has recognized that there are exceptions to this general rule and that there are situations in which a party who enters into a contract may be said to have assumed a duty of care to third parties (*see id.* at 140; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588-589 [1994]). Indeed, "where a lease agreement is 'so comprehensive and exclusive as to sidewalk maintenance as to entirely displace the landowner's duty to maintain the sidewalk,' the tenant may be liable to a third party" (*Paperman v 2281 86th St. Corp.*, 142 AD3d 540, 541 [2016], quoting *Abramson v Eden Farm, Inc.*, 70 AD3d 514, 514 [2010]).

Here, it is undisputed that the City was the tenant and not the owner of the premises (*see* Administrative Code § 7-210; *Martin v Rizzatti*, 142 AD3d at 592). Further, the defendants established, prima facie, that the City did not create the alleged condition in the sidewalk or make special use of the sidewalk (*see Collado v Cruz*, 81 AD3d 542 [2011]). Inasmuch as the plaintiffs did not allege facts in the complaint that would establish the possible applicability of any of the *Espinal* exceptions (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140), the defendants were not required to affirmatively demonstrate that these exceptions did not apply in order to establish the City's prima facie entitlement to judgment as a matter of law (*see Barone v Nickerson*, 140 AD3d 1100, 1101 [2016]; *Leibovici v Imperial Parking Mgt. Corp.*, 139 AD3d 909, 910 [2016]; *Sperling v Wyckoff Hgts. Hosp.*, 129 AD3d 826, 827 [2015]).

Once the defendants made their prima facie showing, the burden shifted to the plaintiffs to come forward with proof sufficient to raise a triable issue of fact as to the applicability of one or more of the *Espinal* exceptions (*see Bryan v CLK-HP 225 Rabro, LLC*, 136 AD3d 955, 956 [2016]). In opposition to the defendants' motion, the plaintiffs submitted the lease between the City and the former owner of the premises. The

lease, inter alia, required the City, at its sole cost and expense, to take good care of the sidewalk, and "make all repairs thereto, ordinary and extraordinary, foreseen and unforeseen." It also provided that the former owner "shall have no responsibility and shall not be required to furnish any services, make any repairs or to perform any other maintenance work." The plaintiffs' submission of this evidence raised a triable issue of fact as to whether the City's lease was comprehensive and exclusive as to sidewalk maintenance so as to entirely displace the former landowner's duty to maintain the sidewalk (*see Paperman v 2281 86th St. Corp.*, 142 AD3d at 541; *Abramson v Eden Farm, Inc.*, 70 AD3d 514 [2010]; *see also Bonilla v Bangert's Flowers*, 132 AD3d 618 [2015]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.