■ Lissette Torres, Respondent, v City of New York et al., Defendants, New York City Transit Authority et al., Respondents, and Queens Ballpark Company, LLC, Appellant. [60 NYS3d 248]—

Appeal from an order of the Supreme Court, Queens County (Phyllis Orlikoff Flug, J.), dated March 24, 2015. The order, insofar as appealed from, denied that branch of the motion of the defendants Queens Ballpark Company, LLC, and Sterling Mets, L.P., doing business as New York Mets, which was pursuant to CPLR 3211 (a) to dismiss the complaint and all cross claims insofar as asserted against the defendant Queens Ballpark Company, LLC.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly was injured when she tripped and fell while walking on a sidewalk abutting a parking lot leased by

the defendant Queens Ballpark Company, LLC (hereinafter Queens Ballpark). The plaintiff commenced this action to recover damages for personal injuries caused by the alleged negligence of, among others, Queens Ballpark. Queens Ballpark, among others, moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint and all cross claims insofar as asserted against it. In an order dated March 24, 2015, the Supreme Court, among other things, denied that branch of the motion, and Queens Ballpark appeals from that portion of the order.

"A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Mendelovitz v Cohen*, 37 AD3d 670, 670 [2007]; *see Ruffino v New York City Tr. Auth.*, 55 AD3d 817, 818 [2008]). "In determining whether a complaint is sufficient to withstand a motion pursuant to CPLR 3211 (a) (7), the sole criterion is whether the pleading states a cause of action" (*Ruffino v New York City Tr. Auth.*, 55 AD3d at 818 [internal quotation marks omitted]). When the moving party offers evidentiary material, the motion "must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (*Jones v Rochdale Vil., Inc.*, 96 AD3d 1014, 1017 [2012] [internal quotation marks omitted]). "Accordingly, consideration of such evidentiary materials will almost never warrant dismissal under CPLR 3211 (a) (7) unless the materials establish conclusively that [the plaintiff] has no [claim or] cause of action" (*Hendrickson v Philbor Motors, Inc.*, 102 AD3d 251, 258 [2012] [internal quotation marks omitted]).

As a general rule, liability for a dangerous or defective condition on property is predicated upon ownership, occupancy, control or special use of the property (*see Ruffino v New York City Tr. Auth.*, 55 AD3d at 818). A tenant of property abutting a public sidewalk "owes no duty to maintain the sidewalk in a safe condition, and liability may not be imposed upon it for injuries sustained as a result of a dangerous condition in the sidewalk, except where the abutting lessee either created the condition, voluntarily but negligently made repairs, caused the condition to occur because of some special use, or violated a statute or ordinance placing upon the lessee the obligation to maintain the sidewalk which imposes liability upon the lessee for injuries caused by a violation of that duty" (*Martin v Riz-*

*zatti*, 142 AD3d 591, 592-593 [2016]; *see O'Toole v City of Yonkers*, 107 AD3d 866, 867 [2013]; *Ruffino v New York City Tr. Auth.*, 55 AD3d at 818; *Lowenthal v Theodore H. Heidrich Realty Corp.*, 304 AD2d 725, 726 [2003]).

Pursuant to Administrative Code of the City of New York § 7-210 (a), "the owner of real property abutting any sidewalk" has a duty "to maintain such sidewalk in a reasonably safe condition." "Notwithstanding any other provision of law, the owner of real property abutting any sidewalk . . . shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition" (*id.* § 7-210 [b]). "As a general rule, the provisions of a lease obligating a tenant to repair the sidewalk do not impose on the tenant a duty to a third party" (*Hsu v City of New York*, 145 AD3d 759, 760 [2016]; *see Paperman v 2281 86th St. Corp.*, 142 AD3d 540, 541 [2016]; *Martin v Rizzatti*, 142 AD3d at 593). "However, where a lease agreement is so comprehensive and exclusive as to sidewalk maintenance as to entirely displace the landowner's duty to maintain the sidewalk, the tenant may be liable to a third party" (*Paperman v 2281 86th St. Corp.*, 142 AD3d at 541 [internal quotation marks omitted]; *see Hsu v City of New York*, 145 AD3d at 760-761).

Here, the documentary evidence submitted by Queens Ballpark failed to utterly refute the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law (*see* CPLR 3211 [a] [1]; *Mendelovitz v Cohen*, 37 AD3d at 670). Further, Queens Ballpark failed to establish conclusively that the plaintiff had no cause of action (*see* CPLR 3211 [a] [7]; *Hendrickson v Philbor Motors, Inc.*, 102 AD3d at 258). In her complaint, the plaintiff alleged that Queens Ballpark created the alleged defect in the sidewalk, and that Queens Ballpark was liable pursuant to Administrative Code § 7-210 for failing to maintain the sidewalk in a reasonably safe manner. Queens Ballpark's evidence, namely, excerpts from its lease of the parking lot, photographs of the sidewalk, and an affidavit from the Executive Director of Ballpark Operations for Queens Ballpark, did not address whether Queens Ballpark created the alleged defect, or whether Queens Ballpark had entirely displaced the landowner's duty to maintain the sidewalk such that Queens Ballpark could be held liable to the plaintiff under Administrative Code § 7-210 (*see Hsu v City of New York*, 145 AD3d at 760; *Paperman v 2281 86th St. Corp.*, 142 AD3d at 541).

The appellant's remaining contention is without merit.

Accordingly, the Supreme Court correctly denied that branch

of the motion which was pursuant to CPLR 3211 (a) to dismiss the complaint and all cross claims insofar as asserted against Queens Ballpark. Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.