Henn v City of New York (2018 NY Slip Op 05830)





Henn v City of New York


2018 NY Slip Op 05830


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-05709
 (Index No. 708887/15)

[*1]Catherine Henn, respondent, 
v
City of New York, defendant, Sterling Mets, L.P., et al., appellants.


Havkins Rosenfeld Ritzert & Varriale, LLP, New York, NY (Carla Varriale, Farng-Yeong Foo, and Shawn Schatzle of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Sterling Mets, L.P., Sterling Equities Associates, LLC, Sterling Equities, Inc., and Queens Ballpark Company, LLC, appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered May 3, 2016. The order denied the motion of those defendants pursuant to CPLR 3211(a) to dismiss the complaint and all cross claims insofar as asserted against them or, in the alternative, to convert the motion into one for summary judgment and, upon conversion, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed, without costs or disbursements.
On July 6, 2014, the plaintiff allegedly tripped and fell while walking on a sidewalk abutting Citi Field in Queens. She commenced this action to recover damages for personal injuries allegedly caused by the negligence of the City of New York, and the entities that allegedly owned, occupied, managed, leased, and/or maintained the subject sidewalk, Sterling Mets, L.P. (hereinafter SMLP), Sterling Equities Associates, LLC (hereinafter SEA), Sterling Equities, Inc. (hereinafter SEI), and Queens Ballpark Company, LLC (hereinafter QBC, and collectively with SMLP, SEA, and SEI, the ballpark defendants). The ballpark defendants moved, pre-answer, pursuant to CPLR 3211(a) to dismiss the complaint and all cross claims insofar as asserted against them or, in the alternative, to convert the motion into one for summary judgment and, upon conversion, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion. The ballpark defendants appeal.
"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Mendelovitz v Cohen, 37 AD3d 670, 670; see Torres v City of New York, 153 AD3d 647, 648).
"In determining whether a complaint is sufficient to withstand a motion pursuant to CPLR 3211(a)(7), the sole criterion is whether the pleading states a cause of action" (Torres v City of New York, 153 AD3d at 648 [internal quotation marks omitted]). When the moving party offers evidentiary material, the motion "must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Jones v Rochdale Vil., Inc., 96 AD3d 1014, 1017 [internal quotation marks omitted]). "Accordingly, consideration of such evidentiary materials will almost never warrant dismissal under CPLR 3211(a)(7) unless the materials establish conclusively that [the [*2]plaintiff] has no [claim or] cause of action" (Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 258 [internal quotation marks omitted]; see Torres v City of New York, 153 AD3d at 648).
The documentary evidence submitted by the ballpark defendants in support of their motion failed to conclusively establish a defense as a matter of law (see CPLR 3211[a][1]; Torres v City of New York, 153 AD3d at 649). Further, the ballpark defendants failed to establish conclusively that the plaintiff had no cause of action (see CPLR 3211[a][7]; Torres v City of New York, 153 AD3d at 649). The complaint alleged, inter alia, that the ballpark defendants owned, operated, managed, maintained, or controlled the subject sidewalk upon which the plaintiff was injured. The documentary evidence submitted by the ballpark defendants—a "Stadium Lease Agreement" and a "First Amendment to Stadium Lease Agreement"—only addressed QBC's relationship to the accident site. Contrary to the ballpark defendants' assertions, those documents indicated that the accident site was within the premises leased from the New York City Industrial Development Agency, as landlord, by QBC, as tenant, and that QBC accepted certain responsibilities for the accident site and its maintenance and repair.
The evidence submitted by the ballpark defendants with respect to SMLP, SEI, and SEA did not constitute documentary evidence under CPLR 3211(a)(1) and, thus, did not provide a basis for dismissal under that subsection (see Jones v Rochdale Vil., Inc., 96 AD3d at 1017; Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997; Suchmacher v Manana Grocery, 73 AD3d 1017).
Finally, the Supreme Court providently exercised its discretion in denying that branch of the ballpark defendants' motion which was to convert their motion into one for summary judgment pursuant to CPLR 3211(c).
Accordingly, we agree with the Supreme Court's determination to deny the ballpark defendants' motion.
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court