Belling v City of Long Beach (2019 NY Slip Op 00414)





Belling v City of Long Beach


2019 NY Slip Op 00414


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2016-00466
 (Index No. 7520/14)

[*1]James Belling, et al., respondents-appellants,
v
City of Long Beach, appellant-respondent.


Robert M. Agostisi, Corporation Counsel, Long Beach, NY (Gregory Kalnitsky of counsel), for appellant-respondent.
Wayne J. Schaefer, LLC, Smithtown, NY, for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a collective bargaining agreement and for a declaration, in effect, that the plaintiffs are entitled to certain reimbursements, the defendant appeals and the plaintiffs cross-appeal from an order of the Supreme Court, Nassau County (Daniel Palmieri, J.), entered November 20, 2015. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the first through fifteenth causes of action in the amended complaint, and for a declaration, in effect, that the plaintiffs are not entitled to the reimbursements they seek. The order, insofar as cross-appealed from, denied the plaintiff's cross motion for summary judgment on the fifth, tenth, fifteenth, and sixteenth causes of action in the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's motion pursuant to CPLR 3211(a) which were to dismiss so much of the causes of action in the amended complaint as sought to recover for physician and emergency room copays or deductibles which were not reimbursed by the defendant, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiffs were police officers who worked for the defendant City of Long Beach. The plaintiffs retired and, in accordance with various Collecting Bargaining Agreements (hereinafter the CBAs) entered into by the defendant and the Patrolman's Benevolent Association of the City of Long Beach, each plaintiff received hospitalization and major medical and dental benefits which were the same as those provided to active officers. In the 2003-2008 CBA, the defendant agreed to partially reimburse copays and deductibles paid out of pocket by active officers. Although the CBA did not provide for reimbursement for retirees, the retirees were also partially reimbursed for such copays until 2011, when the defendant stopped reimbursing copays for retirees but continued to partially reimburse active officers. The reimbursements to retirees resumed in 2012 but ceased permanently in July 2013.
The plaintiffs commenced this action, inter alia, to recover damages for reimbursements which were not paid, and for a declaration, in effect, that they were entitled to such reimbursements. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the first [*2]through fifteenth causes of action in the amended complaint and for a declaration, in effect, that the plaintiffs were not entitled to the reimbursements they seek, and the plaintiffs cross-moved for summary judgment on causes of action related to two of the plaintiffs. The Supreme Court denied the motion and cross motion.
On a motion to dismiss pursuant to CPLR 3211, the complaint is to be afforded a liberal construction. "A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Mendelovitz v Cohen, 37 AD3d 670, 670; see Henn v City of New York, 164 AD3d 766, 766; Torres v City of New York, 153 AD3d 647, 648). In considering a motion pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Sokol v Leader, 74 AD3d 1180, 1181). A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7) (see CPLR 3211[c]; Sokol v Leader, 74 AD3d at 1181). When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275). Consideration of such evidentiary materials will almost never warrant dismissal under CPLR 3211(a)(7) unless the materials establish conclusively that the plaintiffs have no cause of action (see Henn v City of New York, 164 AD3d at 767; Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 258; Torres v City of New York, 153 AD3d at 648).
The documentary evidence conclusively established that the plaintiffs were not entitled to reimbursement for physician and emergency room copays or deductibles. The 2003-2008 CBA did not provide the plaintiffs with any right to reimbursement of such expenses. Therefore, the Supreme Court should have granted those branches of the defendant's motion which were to dismiss so much of the causes of action in the amended complaint as sought to recover those expenses.
However, the defendant failed to conclusively establish that the plaintiffs were not entitled to reimbursement of drug copays. The 2003-2008 CBA is ambiguous concerning whether retirees were entitled to reimbursement of drug copays (see 817 W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162). Accordingly, we agree with the Supreme Court's determination denying those branches of the defendant's motion which were to dismiss so much of the causes of action in the amended complaint as sought to recover reimbursement of drug copays.
Since the plaintiffs failed to make a prima facie showing of entitlement to judgment as a matter of law by tendering evidence demonstrating the absence of any material issue of fact, the Supreme Court properly denied those branches of the plaintiffs' motion which were for summary judgment on the fifth, tenth, fifteenth, and sixteenth causes of action (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562; Sillman v Twentieth Century-Fox Film Corp., 3 NY3d 395, 404).
The plaintiffs' remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court