Yanovskiy v Tim's Diagnostic's Auto Ctr. (2019 NY Slip Op 02148)





Yanovskiy v Tim's Diagnostic's Auto Ctr.


2019 NY Slip Op 02148


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-12794
 (Index No. 150127/13)

[*1]Aleksandr Yanovskiy, plaintiff-respondent,
v
Tim's Diagnostic's Auto Center, et al., defendants, Cirami Irrevocable Trust, et al., defendants-respondents, John Barrett, appellant.


Mary Ellen Sach, Staten Island, NY, for appellant.
Law Office of Yuriy Prakhin P.C., Brooklyn, NY (Gregory Nahas of counsel), for plaintiff-respondent.
Tracy & Stilwell, P.C., Staten Island, NY (Rodney Stilwell of counsel), for defendants-respondents Cirami Irrevocable Trust and Castelli Irrevocable Trust.
Stewart B. Schachner, Staten Island, NY (Hattie F. Ragone of counsel), for defendant-respondent Michael Rowe.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant John Barrett appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated October 14, 2016. The order, insofar as appealed from, denied that branch of the cross motion of the defendants Tim's Diagnostic's Auto Center and John Barrett which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against John Barrett.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff-respondent and defendants-respondents appearing separately and filing separate briefs.
The defendants Cirami Irrevocable Trust and Castelli Irrevocable Trust (hereinafter together the Trust defendants) owned certain property in Staten Island. The defendant John Barrett began leasing the subject property in 1989. The defendant Tim's Diagnostic's Auto Center (hereinafter Tim's Diagnostic's) is a business operated by Barrett on the premises. The plaintiff, Aleksandr Yanovskiy, allegedly tripped and fell on a sidewalk in front of the subject property and thereafter commenced this action to recover damages for personal injuries.
Tim's Diagnostic's and Barrett cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In support, they submitted Barrett's affidavit, in which he stated that he repaired the sidewalk at issue after the plaintiff's accident, after receiving a notice to cure from the Trust defendants. They also submitted Barrett's lease with the Trust defendants, which stated that Barrett was required to make repairs to the property, to keep the sidewalk clear, and to indemnify the Trust defendants for any damages arising out of his failure to maintain the sidewalk. In an order dated October 14, 2016, the Supreme Court, inter alia, denied that branch of the cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against Barrett. Barrett appeals.
Administrative Code of the City of New York § 7-210 imposes a nondelegable duty on a property owner to maintain and repair the sidewalk abutting its property, and specifically imposes liability upon certain property owners for injuries resulting from a violation of the code provision (see Administrative Code § 7-210; Zorin v City of New York, 137 AD3d 1116, 1117).
The provisions of a lease obligating a tenant to repair the sidewalk generally do not impose on the tenant a duty to a third party (see Martin v Rizzatti, 142 AD3d 591, 593). "This is in accordance with the principle that a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party'" (Hsu v City of New York, 145 AD3d 759, 760, quoting Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, where a lease contract is so comprehensive regarding sidewalk maintenance as to entirely displace the landowner's duty to maintain the sidewalk, the tenant may be liable to a third party (see Hsu v City of New York, 145 AD3d at 760; Paperman v 2281 86th St. Corp., 142 AD3d 540, 541).
Here, the evidence submitted by Tim's Diagnostic's and Barrett in support of their cross motion failed to eliminate triable issues of fact as to whether Barrett had displaced the Trust defendants' duty to the plaintiff regarding maintenance of the sidewalk (see Hsu v City of New York, 145 AD3d at 760). Contrary to Barrett's contention, the Supreme Court did not err in considering the evidence he presented showing that he repaired the sidewalk at issue after the plaintiff's accident. Although not admissible to show that he was negligent, this evidence was admissible because it was relevant to the disputed issue of whether Barrett had control of the sidewalk (see David v City of New York, 267 AD2d 419).
Accordingly, as Tim's Diagnostic's and Barrett failed to establish Barrett's prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's denial of that branch of their cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against Barrett, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court