Rivera v City of New York (2019 NY Slip Op 04433)





Rivera v City of New York


2019 NY Slip Op 04433


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-01655
 (Index No. 507027/14)

[*1]Richelle M. Rivera, plaintiff-respondent, 
v
City of New York, et al., defendants-respondents, Carter's Retail, Inc., appellant (and a third-party action).


Kowalski & DeVito (McGaw, Alventosa & Zajac, Jericho, NY [Ross P. Masler], of counsel), for appellant.
Law Office of Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Carter's Retail, Inc., appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated December 1, 2017. The order denied that defendant's motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with costs to the plaintiff-respondent.
The plaintiff allegedly was injured when she tripped and fell while stepping onto the curb and sidewalk in front of a store owned by the defendant 2111 86th Street, LLC (hereinafter 86th Street), and leased by the defendant Carter's Retail, Inc. (hereinafter Carter's). The plaintiff commenced this action against 86th Street, Carter's, and the City of New York, asserting generally that the defendants were negligent in their maintenance of the premises and that they created the dangerous condition upon which the plaintiff fell. Carter's moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that it did not owe the plaintiff a duty of care with respect to the subject sidewalk or curb, as 86th Street was responsible for maintaining the sidewalk and the City was responsible for maintaining the curb. In the order appealed from, the Supreme Court denied the motion. Carter's appeals.
"[L]iability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property" (Turrisi v Ponderosa, Inc., 179 AD2d 956, 957; see Torres v City of New York, 153 AD3d 647, 648; Ruffino v New York City Tr. Auth., 55 AD3d 817, 818; Minott v City of New York, 230 AD2d 719, 720). "[A] lessee of property which abuts a public sidewalk owes no duty to maintain the sidewalk in a safe condition, and liability may not be imposed upon it for injuries sustained as a result of a dangerous condition in the sidewalk, except where the abutting lessee either created the condition, voluntarily but negligently made repairs, caused the condition to occur because of some special use, or violated a statute or ordinance placing upon the lessee the obligation to maintain the sidewalk which imposes liability upon the lessee for injuries caused by a violation of that duty" (Martin v Rizzatti, 142 AD3d 591, 592-593; see Torres v City of New York, 153 AD3d at 648; O'Toole v City of Yonkers, 107 AD3d [*2]866, 867; Ruffino v New York City Tr. Auth., 55 AD3d at 818; Lowenthal v Theodore H. Heidrich Realty Corp., 304 AD2d 725, 726).
Here, although Carter's established that it was not responsible for the maintenance of the subject sidewalk and curb, it failed to come forward with any evidence that would refute the allegations in the complaint and bill of particulars that it created the alleged condition (cf. Hsu v City of New York, 145 AD3d 759, 760). Since Carter's failed to meet its prima facie burden, we need not address the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, we agree with the Supreme Court's determination denying that branch of Carter's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
We also agree with the Supreme Court's determination denying that branch of Carter's motion which was for summary judgment dismissing all cross claims insofar as asserted against it. The papers submitted in support of the motion failed to include copies of the relevant pleadings as required by CPLR 3212(b), thereby precluding review of the purported cross claims (see Mieles v Tarar, 100 AD3d 719, 720; Matsyuk v Konkalipos, 35 AD3d 675, 676; Wider v Heller, 24 AD3d 433, 434).
In light of our determination, we do not reach the parties' remaining contentions.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court