Leitch-Henry v Doe Fund, Inc. (2020 NY Slip Op 00112)





Leitch-Henry v Doe Fund, Inc.


2020 NY Slip Op 00112


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-06212
 (Index No. 512775/16)

[*1]Janet Leitch-Henry, respondent, The 
v
Doe Fund, Inc., appellant.


French & Casey, LLP, New York, NY (Grant D. Zacharias of counsel), for appellant.
Levine and Wiss, PLLC, West Hempstead, NY (Anthony A. Ferrante and Mitchell Dranow of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated May 2, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On the afternoon of July 24, 2013, the plaintiff allegedly tripped and fell on a sidewalk defect near the front entrance of a building in Brooklyn. The building consisted of three stories and a basement. The building was owned by the plaintiff's employer, which leased the basement to the defendant.
The plaintiff subsequently commenced this personal injury action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that it had no contractual or common-law duty to maintain the area where the accident occurred. The Supreme Court denied the motion, and the defendant appeals.
As a general rule, liability for a dangerous or defective condition on property is predicated upon ownership, occupancy, control, or special use of the property (see Ruffino v New York City Tr. Auth., 55 AD3d 817, 818). A tenant of property abutting a public sidewalk "owes no duty to maintain the sidewalk in a safe condition, and liability may not be imposed upon it for injuries sustained as a result of a dangerous condition in the sidewalk, except where the abutting lessee either created the condition, voluntarily but negligently made repairs, caused the condition to occur because of some special use, or violated a statute or ordinance placing upon the lessee the obligation to maintain the sidewalk which imposes liability upon the lessee for injuries caused by a violation of that duty" (Martin v Rizzatti, 142 AD3d 591, 592-593; see Torres v City of New York, 153 AD3d 647, 648; O'Toole v City of Yonkers, 107 AD3d 866, 867).
Pursuant to Administrative Code of the City of New York § 7-210(a), "the owner of real property abutting any sidewalk" has a duty "to maintain such sidewalk in a reasonably safe condition." "Notwithstanding any other provision of law, the owner of real property abutting any [*2]sidewalk . . . shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition" (Administrative Code § 7-210[b]). "As a general rule, the provisions of a lease obligating a tenant to repair the sidewalk do not impose on the tenant a duty to a third party" (Hsu v City of New York, 145 AD3d 759, 760; see Torres v City of New York, 153 AD3d at 649; Martin v Rizzatti, 142 AD3d at 593; Paperman v 2281 86th St. Corp., 142 AD3d 540, 541). "However, where a lease agreement is so comprehensive and exclusive as to sidewalk maintenance as to entirely displace the landowner's duty to maintain the sidewalk, the tenant may be liable to a third party" (Paperman v 2281 86th St. Corp., 142 AD3d at 541 [internal quotation marks omitted]; see Espinal v Melville Snow Contrs., 98 NY2d 136, 138; Hsu v City of New York, 145 AD3d at 760-761).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create the alleged defect, make special use of the sidewalk, violate any applicable statute, or have a contractual duty to maintain the sidewalk where the accident occurred (see Padarat v New York City Tr. Auth., 175 AD3d 700; Martin v Rizzatti, 142 AD3d at 593). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court