Sukhachova v King's Gourmet Food Corp. (2026 NY Slip Op 01813)

Sukhachova v King's Gourmet Food Corp.

2026 NY Slip Op 01813

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2025-06058
 (Index No. 520744/18)

[*1]Veronika Sukhachova, respondent, 
vKing's Gourmet Food Corp., appellant, et al., defendants.

Cascone & Kluepfel, LLP, Farmingdale, NY (Ajay C. Bhavnani of counsel), for appellant.
William Pager, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant King's Gourmet Food Corp. appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated April 8, 2025. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant King's Gourmet Food Corp. for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff allegedly was injured when she fell due to an uneven sidewalk condition in front of premises leased and occupied by the defendant King's Gourmet Food Corp. (hereinafter the defendant). The plaintiff commenced this action against the defendant, among others, to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated April 8, 2025, the Supreme Court denied the motion. The defendant appeals.
"Administrative Code of the City of New York § 7-210 imposes a duty upon 'the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition" (Cooper v First in Queens, Inc., 229 AD3d 761, 762, quoting Administrative Code § 7-210[a]). "A tenant of property abutting a public sidewalk 'owes no duty to maintain the sidewalk in a safe condition, and liability may not be imposed upon it for injuries sustained as a result of a dangerous condition in the sidewalk, except where the abutting lessee either created the condition, voluntarily but negligently made repairs, caused the condition to occur because of some special use, or violated a statute or ordinance placing upon the lessee the obligation to maintain the sidewalk which imposes liability upon the lessee for injuries caused by a violation of that duty'" (Leitch-Henry v Doe Fund, Inc., 179 AD3d 655, 655, quoting Martin v Rizzatti, 142 AD3d 591, 592-593).
Here, the defendant established, prima facie, that it owed no duty of care to the plaintiff since it was not the owner of the property abutting the sidewalk, did not create the allegedly dangerous condition, and did not make special use of the sidewalk (see Contreras v Jimmy's Auto Top, 242 AD3d 698, 699; Zorin v City of New York, 137 AD3d 1116, 1117). In opposition, the [*2]plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contentions, the defendant's agreement with the nonparty owner of the premises did not impose a duty on the defendant so as to make the defendant liable to a third party for injuries with respect to the maintenance of the sidewalk (see Cooper v First In Queens, Inc., 229 AD3d at 763), and the defendant did not assume a duty to make structural repairs to the sidewalk by a course of conduct.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
LASALLE, P.J., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court