# East Tenn., Va. & Ga. Railroad Co. *v.* Watson.

*Action by Passenger against Railroad Company, for Damages on account of Personal Injuries.*

1. *Injuries to passenger from defective platform at station.*—A railroad company is liable in damages to a passenger, who, on alighting by night at a station where there was an eating-house for passengers, crossing a platform between the track and the verandah of the house, and returning across another platform similarly situated, receives personal injuries from its defective condition; when the evidence shows that both of the platforms, though built by the persons who erected the hotel, were on the railroad's right of way, that there was no light at the spot, and that the defective platform, which was opposite to the railroad offices in the building, had not been used by it for several years.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

This action was brought by Iverson E. Watson against the

appellant corporation, to recover damages for personal injuries received by plaintiff, while a passenger on one of defendant's trains, at Oxanna, a regular station on the railroad. The material facts of the case appear in the opinion delivered on the former appeal (92 Ala. 320–26), and the opinion on this appeal. The case being submitted to the decision of the court without a jury, the court rendered judgment for the plaintiff, for $400 damages; and this judgment, to which the defendant excepted, is here assigned as error.

KNOX & BOWIE, for appellant.

KELLY & SMITH, contra.

STONE, C. J.—This is the second appeal in this case.— *Watson v. E. T., Va. & Ga. R. R. Co.*, 8 So. Rep. 770; 92 Ala. 320.

The opinion on the former appeal gives a full description of the platform on which the injury was suffered, together with its surroundings, by whom it was erected, its use, and everything connected with it, as disclosed in the record then presented. It also states how the injury was sustained, and the extent of it. We will not repeat what is there shown.

In the record before us the following additional facts are presented. The railroad's right of way at that place extends each way fifty feet from the centre of the track, and the hole into which plaintiff fell is on the right of way. The platform or bridge at the south end of the hotel—the one on which the injury was suffered—was built by the land company, and was four inches lower than the other platform; it was not connected with the ticket-office, save by passing through another room, and said lower platform or bridge had not been used for any purpose by the railroad company within three years before the accident happened. Witness stated this as positive fact, and added, he did not know it had been so used at any time before the three years. The railroad company had never repaired, or taken any control of the bridge. On these newly disclosed grounds, it is contended plaintiff should not recover.

The following facts may be stated as fully sustained by all the testimony : The hotel was situated near the railroad track, and was an eating-house for passengers travelling on the road; a verandah extended entirely around the building, and each of the bridges or platforms—the one south of the hotel, as well as the one connecting with its halls—spanned Crow's Creek, and connected the hotel verandah with the railroad's platform at that stopping place. A train moving north, and stopping with its forward car opposite the central bridge, would place its next car opposite the lower bridge.

[East Tenn., Va. & Ga. Railroad Co. v. Thompson.]

We can not suppose that travellers are informed as to the ownership or control of pass-ways thus circumstanced. They act on the appearance of things, and are authorized so to act. Seeing the two bridges or platforms extending from the railroad's platform proper to the ticket-office and eating-house, they may well suppose they are invited to take either. It is sometimes said a man may do as he will with his own. This is not universally true. *Sic utere tuo ut alienum non lædas.* No man is permitted to place traps or pitfalls, or to maintain them, even on his own lands, where others are likely to enter, without proper warning of the danger. Eminently is this true when there is likelihood that he will enter, and a *quasi* invitation that he shall do so. In *M. & E. Railway Co. v. Thompson*, 77 Ala. 448, we said: "There is a common duty resting on all persons, artificial as well as natural, who own real estate on which the public is expressly or impliedly invited to enter, that it shall be kept free from traps and pitfalls; and if this duty be neglected, and injury result therefrom to any person, the person suffering by such trap or pitfall may recover damages for the injury. This is a general rule of society, crystalized into law. It partakes of the nature of a public nuisance done or suffered, which inflicts special injury on an individual. To a suit for such injury it is no defense that the injury was not intended. Human conduct must be tested by its known general or ordinary consequences.—16 Amer. & Eng. Ency. of Law, 957, and note 2; *S. & N. R. R. Co. v. McLendon*, 63 Ala. 266."

We do not think the new testimony changes the legal aspects of the question presented, or relieves the railroad company of blame for the injury plaintiff suffered.—*Graves v. Thomas*, 95 Ind. 361; *Beck v. Carter*, 68 N. Y. 283; 23 Amer. Rep. 175; *Jones v. Nickols*, 46 Ark. 407; 55 Amer. Rep. 575; Ray's Negligence of Imposed Duties, 117–18.

Affirmed.