Action by Bernard Kamber against Max Rosen and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Isaac V. Schxavrien, for appellants.

PER CURIAM. We do not think that the guaranty ever became effective, because it was never accepted by plaintiff. The original guaranty was returned for the addition of a clause. Up to this time it certainly had not been accepted, and the guarantors had a right to recall it. This they unmistakably did. We do not consider that the minds of the parties ever met on the subject. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

---

(49 Misc. Rep. 504)

### SCHLESSINGER v. MANHATTAN RY. CO.

(Supreme Court, Appellate Term. March 12, 1906.)

**1. CARRIERS—PASSENGERS—UNSAFE APPROACHES.**

The duty of a railway company towards its passengers extends to the exercise of reasonable care in affording them safe approaches to the stations and platforms, and this duty applies not only to such approaches as may have been constructed and owned by the company, but to those constructed and owned by the city, if constantly and notoriously used by passengers as a means of approach.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1142, 1145.]

**2. SAME.**

Though approaches to the stations of a railway company are owned by the city, and the company has no right to make repairs without permission, and is not called on to seek such permission, it should at least provide against injury to its passengers by erecting barricades, or giving such warning as will guard against accidents.

Appeal from City Court of New York, Special Term.

Action by Alfred Schlessinger against the Manhattan Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Charles A. Gardiner (G. Tarleton Goldthwaite, of counsel), for appellant.

Wm. Victor Goldberg, for respondent.

SCOTT, P. J. The plaintiff tripped upon the step of a stairway leading from one of defendant's platforms to the street. There is no doubt of the injury, or of the defective conditions from which the injury resulted. The main defense relied upon is that the stairway upon which the accident happened had been constructed by, and was owned and maintained by, the city of New York. The evidence on this subject showed that in 1896 or 1897, after defendant's platform had been constructed for some years, the city of New York erected an elevated viaduct

over 155th street at right angles to the avenue upon which defendant's road ran. This work necessitated certain changes in defendant's platform and the approaches thereto, including the stairway in question, and it is said that these changes were made by the city, or, if made by defendant, were so made at the expense of the city, under a written contract between the defendant and the city, which was referred to, but not produced. There were other means of getting from the platform to the street. The defendant maintains a sign on its property pointing in the direction of the stairway, and indicating that it affords a means of access to the street. Assuming that the stairway was constructed by the city, and remained its property, and should have been, and perhaps to some extent is, cared for by the city, I am of the opinion that this does not excuse the defendant from liability. The duty of a railway company towards its passengers extends to the exercise of reasonable care in affording them safe approaches to the stations and platforms, and this duty, in my opinion, applies not only to such approaches as may have been constructed and owned by the company, but to those constructed and owned by other persons, if constantly and notoriously used by passengers as a means of approach. Such use indicates the express or implied invitation by the carrier, and more especially when the carrier indicates the approach by signs as one to be used. The adoption and indication of such an approach as one to be used casts upon the carrier the duty of exercising a reasonable amount of care and inspection to see that the approach is kept in a safe condition; and, even if it has no right to make repairs without permission, and is not called upon to seek such permission, it can at least provide against injury to its passengers by erecting such barricades or giving such warning as will guard against accidents. D., L. & W. R. R. Co. v. Trautwein, 52 N. J. Law 169, 19 Atl. 178, 7 L. R. A. 435, 19 Am. St. Rep. 442; G., C. & Santa Fé R. R. Co. v. Glenk, 9 Tex. Civ. App. 599, 30 S. W. 278; E. Tenn. R. R. v. Watson, 94 Ala. 634, 10 South. 228. That the stairway was in a defective condition, and had been for some time, was sufficiently proven, and no contradiction was attempted. The damages, though ample, were not excessive.

Judgment affirmed, with costs.

GIEGERICH, J., concurs.

GREENBAUM, J. (concurring). The stairway upon which plaintiff tripped led directly to defendant's station at 155th street, and constituted an entrance thereto. Such a condition could not have existed without the consent of defendant. Indeed, the various stairways that led to the station—most of them concededly the property of defendant— had the same general appearance. Notices and signs on the defendant's structure directed and advised passengers as to the use of the stairways, including the one in question, as means of ingress to and egress from defendant's station. Plaintiff's case, therefore, presented prima facie a situation from which it might be inferred that the defendant corporation, which admittedly operated the railroad upon which plaintiff was a passenger, also maintained the defective stairway used by him as a

passenger when he stumbled.   Defendant argues that the evidence introduced by it conclusively established that it did not own or maintain this stairway, but that it was the property of, and was maintained by, the city of New York.   The only testimony of defendant bearing upon these points was that furnished by one McManus, a clerk employed by the city of New York in the Bureau of Highways, and one Reeves, an assistant engineer employed by the defendant.   The former on his direct examination testified that the city of New York constructed this stairway, kept it in repair, and swept it from time to time.   Upon his cross-examination it developed that he had never seen anybody repair or sweep it, that he had no personal knowledge as to whether the city or the defendant had constructed it, and that all his testimony upon the matters referred to was pure hearsay.   The testimony of the witness Reeves was no more valuable or enlightening than was that of McManus.   Reeves' testimony, however, was very illuminative in other respects.   It established the fact that prior to 1896 the defendant maintained stairways, which it had constructed, and that by reason of the viaduct built by the city at 155th street it became necessary to rearrange and reconstruct two of the stairways, of which the stairway in question was one, to adapt them to the changed conditions, and that the new stairways were built under a written contract between the city of New York and the defendant, which either provided that the city should build them or pay defendant for building them.   The contract was not produced, nor was any explanation proffered for its nonproduction.   A legal inference was therefore properly deducible that the ownership in defendant of the original stairways, for which the new ones were substituted, continued in the new stairways in part or whole, and that the original obligation of defendant to maintain them in good repair still subsisted.   It was peculiarly within the power of the defendant to produce convincing and incontrovertible proof of the actual facts as to the ownership and maintenance of the stairway, and its failure to do so would scarcely warrant the court in indulging in ingenious and subtle inferences favorable to the defendant in respect of these matters.

It seems to me wholly unnecessary to discuss the rights of defendant upon an assumed state of facts that it did not own nor in any wise control the stairway.

The judgment should be affirmed, with costs.