■ WILLIAM J. RAFFILE, Respondent, v TOWER AIR, INC., et al., Appellants. [695 NYS2d 116] —In an action to recover damages for personal injuries, the defendants separately appeal from an order of the Supreme Court, Queens County (Schmidt, J.), dated February 24, 1998, which denied their respective motions for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and the complaint is dismissed.

The plaintiff slipped and fell while descending a wet stairway in an airline terminal leased by, among others, the defendant Tower Air, Inc. (hereinafter Tower), from the defendant Port Authority of New York and New Jersey (hereinafter Port Authority). Both defendants moved for summary judgment. Tower alleged that, as one of several airlines leasing portions of the terminal, it did not have the exclusive right to possess or control the stairway, a common area. The Port Authority alleged that as an out-of-possession landlord which hired independent contractors to maintain and operate the terminal, it could not be held to have owed a duty to the plaintiff, a Tower passenger. The Port Authority also claimed that because it neither caused the allegedly dangerous condition nor had notice of it, it could not be held liable. The Supreme Court denied the motion.

It is well settled that a party cannot be held liable for injuries caused by a dangerous or defective condition on property unless the party has both a duty to maintain or clean the area, and has sufficient notice of the dangerous or defective condition that would allow the party to remedy the condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Pena v New York City Tr. Auth.,* 237 AD2d 150).

In the case at bar, both defendants made a prima facia showing of entitlement to judgment as a matter of law. The burden then shifted to the plaintiff to establish the existence of a material, triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68

NY2d 320; *see also, Zuckerman v City of New York,* 49 NY2d 557).

Contrary to the plaintiff's position, he failed to raise a triable issue of fact that Tower was under a duty to maintain or clean the area where the injury occurred, and therefore his claim against Tower cannot be maintained (*see, Pena v New York City Tr. Auth., supra; Stark v Port Auth.,* 224 AD2d 681). Similarly, the plaintiff failed to establish the existence of a triable issue of fact as to whether the dangerous condition had been present for a sufficient period of time so as to have permitted the Port Authority to discover and remedy it (*see, Gordon v American Museum of Natural History, supra; Pianforini v Kelties Bum Steer,* 258 AD2d 634). O'Brien, J. P., Sullivan, Joy and Smith, JJ., concur.