■ INA JEAN BINGHAM, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [808 NYS2d 197]—

Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered on or about October 8, 2004, upon a jury verdict awarding plaintiff, inter alia, $2 million for past pain and suffering and $1.5 million for future pain and suffering, unanimously modified, on the facts, the awards for pain and suffering vacated, and the matter remanded for a new trial solely upon the issue of damages for past and future pain and suffering, and otherwise affirmed, without costs or disbursements, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to reduction of the award for past pain and suffering to $1,000,000 and the award for future pain and suffering to $750,000, and to entry of an amended judgment in accordance therewith.

Plaintiff commenced this action to recover for injuries sustained when she fell down a stairway providing access to a subway station. The Court of Appeals reinstated the action (99 NY2d 355 [2003], *revg* 287 AD2d 411 [2001]) upon the finding that there was a triable issue as to whether defendant Transit Authority was in fact merely a common user of the stairway. In so doing, the Court expressly refused to consider defendants' belated contention, raised for the first time in that Court, that *Bethel v New York City Tr. Auth.* (92 NY2d 348 [1998]) rendered the common-use issue irrelevant and required the action's dismissal (99 NY2d at 359). We reject the argument that *Bethel* dictates an abandonment of the rule set forth in *Schlessinger v Manhattan Ry. Co.* (49 Misc 504 [App Term 1906]). *Bethel* "realign[ed] the standard of care required of common carriers with the traditional, basic negligence standard of reasonable care under the circumstances" (92 NY2d at 351). It did not affect the *Schlessinger* rule, which imposes upon a railway company the duty to provide safe approaches for its passengers if those approaches are "constantly and notoriously used by passengers" for such purpose (49 Misc at 505).

Defendants, however, persuasively argue that a total award of $3.5 million for plaintiff's past and future pain and suffering is excessive and deviates from what is reasonable compensation under the circumstances. Without minimizing plaintiff's substantial wrist, ankle and leg injuries and their sequelae, the jury's pain and suffering awards nonetheless exceeded what would be reasonable compensation to the extent indicated (*compare Uriondo v Timberline Camplands, Inc.*, 19 AD3d 282 [2005]; *Baez v New York City Tr. Auth.*, 15 AD3d 309 [2005]; *Lewis v Port Auth. of N.Y. & N.J.*, 8 AD3d 205 [2004]).

We have considered defendants' remaining arguments and

find them unavailing. Concur—Buckley, P.J., Friedman, Marlow, Sullivan and Malone, JJ.