■ VICTORIA RUFFINO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendants. (And a Third-Party Action.) [865 NYS2d 674]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), entered July 18, 2007, as granted that branch of the motion of the defendant New York City Transit Authority which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced the instant action against the New York City Transit Authority (hereinafter the NYCTA), among others, seeking to recover damages for personal injuries she allegedly sustained when she tripped and fell over an uneven piece of wood while walking on a boardwalk between a Long Island Rail Road train station and a NYCTA subway station on her way to Shea Stadium. The NYCTA moved for summary judgment dismissing the complaint and any cross claims insofar as asserted against it, contending, inter alia, that it did not own, occupy, control, or make special use of the boardwalk. The plaintiff opposed the motion, contending, among other things, that the NYCTA did, in fact, make special use of the boardwalk and that the NYCTA, as a common carrier, was obligated to maintain the boardwalk, which leads to and from its subway station, in a reasonably safe condition. The Supreme Court granted the NYCTA's motion for summary judgment, finding, inter alia, that the NYCTA did not own, occupy, or control the boardwalk and also did not create the allegedly dangerous condition on the boardwalk.

As a general rule, "[l]iability for a dangerous or defective condition on property is . . . predicated upon ownership, occupancy, control or special use of the property . . . Where none is present, [generally] a party cannot be held liable for injuries caused by the dangerous or defective condition of the property" (*Noia v Maselli*, 45 AD3d 746, 746 [2007], quoting *Minott v City of New York*, 230 AD2d 719, 720 [1996] [internal quotation marks omitted]; *see Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 298 [1988]). "The principle of special use . . . imposes an obligation on the abutting landowner, where he puts part of a public way to a special use for his own benefit and the part used is subject to his control, to maintain the part so used in a reasonably safe condition to avoid injury to others" (*Noia v Maselli*, 45 AD3d at 746, quoting *Minott v City of New York*, 230 AD2d at 720 [internal quotation marks omitted]).

Here, the evidence submitted by the NYCTA in support of its

summary judgment motion demonstrated, prima facie, that the boardwalk where the plaintiff fell is owned by another entity and is, in any event, a public thoroughfare (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). As correctly observed by the NYCTA, "[t]he use by [the NYCTA's] customer[s] of [a] public [boardwalk] is not a special benefit giving rise to a special use" (*Minott v City of New York*, 230 AD2d at 720 [internal quotation marks omitted]; *see Lauer v Great S. Bay Seafood Co.*, 299 AD2d 325, 327 [2002]; *Schreiber v Goldlein Realty Corp.*, 251 AD2d 315, 316 [1998]; *Tortora v Pearl Foods*, 200 AD2d 471, 472 [1994]). The plaintiff's contention that the NYCTA derived a special benefit from the boardwalk because the boardwalk allegedly was constructed specifically to connect the NYCTA's Shea Stadium subway stop to Shea Stadium was purely speculative and insufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

There also is no merit to the plaintiff's alternative contention the NYCTA had a duty to maintain the boardwalk in a safe condition, or to warn against unforeseen dangers on the boardwalk, pursuant to *Bingham v New York City Tr. Auth.* (8 NY3d 176 [2007]). In *Bingham*, the Court of Appeals concluded "that the *Schlessinger* rule [that a common carrier maintain a safe means of ingress and egress for the use of its passengers, even if the area is owned and maintained by another, so long as the area is constantly and notoriously used by passengers as a means of approach] should be retained, *at least as applied to areas that serve primarily for ingress and egress to a subway or other similar station that is served by a single carrier*" (*Bingham v New York City Tr. Auth.*, 8 NY3d at 181, citing *Schlessinger v Manhattan Ry. Co.*, 49 Misc 504, 505 [1906] [emphasis added]). Unlike the stairway at issue in *Bingham,* the subject boardwalk, which is located between a Long Island Rail Road station and a NYCTA subway station, is more akin to a common area in a multi-carrier facility, to which the duty of care as set forth by the Court of Appeals in *Bingham* has not been extended (*see Bingham v New York City Tr. Auth.*, 8 NY3d at 181, citing *Raffile v Tower Air*, 264 AD2d 721 [1999]).

The plaintiff's remaining contention is without merit. Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur.