In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated April 27, 2012, as denied its motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly tripped and fell over a defect in the defendant Town of Huntington’s parking lot and sustained personal injuries. As a result, she commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that it did not have prior written notice of the defect. The Supreme Court denied the motion, and we affirm.
“A municipality that has adopted a ‘prior written notice law’ cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies” (Forbes v City of New York, 85 AD3d 1106, 1107 [2011]; see Poirier v City of Schenectady, 85 NY2d 310 [1995]; Hanover Ins. Co. v Town of Pawling, 94 AD3d 1055
*1042 [2012]; Abano v Suffolk County Community Coll., 66 AD3d 719 [2009] ). “Prior written notice laws are in derogation of the common law and must be strictly construed” (Lagrasta v Town of Oyster Bay, 88 AD3d 658 [2011]; see Gorman v Town of Huntington, 12 NY3d 275, 279 [2009]). The defendant has adopted a prior written notice law, stating that written notices must be submitted to the Town Clerk or the Town Superintendent of Highways (see Code of Town of Huntington § 174-3; see also Gorman v Town of Huntington, 12 NY3d at 275).
Here, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law on the ground that it had no prior written notice of the alleged defect in the parking lot (see Pangerl v Town of N. Hempstead, 76 AD3d 1001 [2010] ; cf. Smith v City of Mount Vernon, 101 AD3d 847 [2012]; Kiszenik v Town of Huntington, 70 AD3d 1007 [2010]; Levy v Town of Huntington, 54 AD3d 732 [2008]; Wilkie v Town of Huntington, 29 AD3d 898 [2006]). In support of its motion, the defendant submitted the deposition testimony of its deputy director of the Department of General Services and an affidavit from its deputy comptroller. However, neither of those individuals averred that they had specifically searched the records maintained by the Town Clerk and the Town Superintendent of Highways to determine whether the defendant had prior written notice of the defect at issue. Accordingly, the burden never shifted to the plaintiff to raise a triable issue of fact, and this Court need not review the sufficiency of the plaintiffs opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).
In light of our determination, the defendant’s remaining contentions are academic. Rivera, J.P, Dickerson, Leventhal and Roman, JJ., concur. [Prior Case History; 35 Mise 3d 1219(A), 2012 NY Slip Op 507480J).]