■ RONEN MASHALL et al., Appellants, v LONG ISLAND RAILROAD, Respondent. [50 NYS3d 554]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), entered March 4, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs Ronen Mashall (hereinafter the plaintiff), and his wife suing derivatively (hereinafter together the plaintiffs), alleged that the plaintiff slipped and fell on an accumulation of ice and snow when he was walking on a stretch of public sidewalk on South Station Plaza, which abutted the eastbound side of the train station of the defendant, Long Island Railroad, in Great Neck, Nassau County. The plaintiff testified at his deposition that, prior to the accident, he exited an eastbound train at the station and used a stairway off of the train platform to access the stretch of public sidewalk where the accident occurred. He also testified that, after going up the stairs, he turned right and started walking on the sidewalk on his way to another stairway, which was about 40-50 feet beyond the stairway he had just exited. He further testified that the sidewalk area had not been cleared and there was hard

compacted ice and snow on the entire width of the sidewalk. In addition, the plaintiff testified that he slipped and fell on an accumulation of snow and ice on the stretch of sidewalk between the two stairways before he reached the second stairway.

The plaintiffs commenced this action against the defendant alleging, inter alia, negligence. Thereafter, the defendant moved for summary judgment dismissing the complaint on the ground, among other things, that it did not have a duty to maintain the subject stretch of sidewalk in a safe condition. The Supreme Court granted the defendant's motion and the plaintiffs appeal.

In "areas that serve primarily for ingress and egress to a subway or other similar station that is served by a single carrier," a common carrier must maintain a safe means of ingress and egress for the use of its passengers, even if the area is owned and maintained by another, so long as the area is constantly and notoriously used by its passengers as a means of approach (*Bingham v New York City Tr. Auth.*, 8 NY3d 176, 181 [2007], citing *Schlessinger v Manhattan Ry. Co.*, 49 Misc 504, 505 [App Term 1906]; *see Ruffino v New York City Tr. Auth.*, 55 AD3d 819, 821 [2008]). This duty of care "has not been extended to common areas in a multi-carrier facility" (*Bingham v New York City Tr. Auth.*, 8 NY3d at 181 n 1, citing *Raffile v Tower Air*, 264 AD2d 721 [1999]; *see Ruffino v New York City Tr. Auth.*, 55 AD3d at 821).

Here, the defendant submitted evidence that the stretch of public sidewalk at issue was used by the public to access a bus stop and taxi stand, as well as the south side of the train station. Thus, the defendant demonstrated, prima facie, that the sidewalk was not an area serving primarily for ingress and egress to a subway or other similar station that is served by a single carrier but, rather, the area at issue is akin to a common area in a multi-carrier facility, for which the defendant did not owe any duty of care to maintain (*see Bingham v New York City Tr. Auth.*, 8 NY3d at 181; *Ruffino v New York City Tr. Auth.*, 55 AD3d at 821). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contention is without merit (*see Ruffino v New York City Tr. Auth.*, 55 AD3d at 821).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.