Bartlett v City of New York (2019 NY Slip Op 00847)





Bartlett v City of New York


2019 NY Slip Op 00847


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-04661
 (Index No. 702085/15)

[*1]Trisha Bartlett, respondent, 
v
City of New York, et al., defendants, Long Island Rail Road, appellant.


Krez & Flores, LLP, New York, NY (Jonathan D. Goldsmith and Paul A. Krez of counsel), for appellant.
Jarad L. Siegel, P.C., Mineola, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Long Island Rail Road appeals from an order of the Supreme Court, Queens County (Howard G. Lane, J.), dated April 1, 2016. The order, insofar as appealed from, denied as premature that defendant's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, with leave to renew upon completion of discovery.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendant Long Island Rail Road for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
The plaintiff commenced this action against the defendant Long Island Rail Road (hereinafter the LIRR), among others, seeking to recover damages for personal injuries that she allegedly sustained when she slipped on ice and fell while walking on the roof of the Passerelle building in Queens. The LIRR cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it did not own, operate, lease, maintain, or control the subject roof. The plaintiff opposed the LIRR's cross motion, arguing that the cross motion was premature, and that the LIRR failed to demonstrate its prima facie entitlement to judgment as a matter of law. The Supreme Court denied the LIRR's cross motion as premature, and the LIRR appeals.
"Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property" (Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600-601). In the absence of ownership, occupancy, control, or special use, a party generally "cannot be held liable for injuries caused by the dangerous or defective condition of the property" (Ruffino v New York City Tr. Auth., 55 AD3d 819, 820 [internal quotation marks omitted]). Here, the LIRR established, prima facie, that it did not owe a duty to the plaintiff by demonstrating that it did not own, occupy, control, or make a special use of the area where the accident occurred.
In opposition, the plaintiff failed to raise a triable issue of fact. The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during discovery is insufficient to deny the motion (see Northfield Ins. Co. v Golob, 164 AD3d 682, 683-684). Here, [*2]the plaintiff failed to demonstrate that discovery might lead to relevant evidence as to the LIRR's ownership or control of the accident site.
Accordingly, the Supreme Court should have granted the LIRR's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court