Ortiz v Town of Islip (2019 NY Slip Op 06405)





Ortiz v Town of Islip


2019 NY Slip Op 06405


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-05394
 (Index No. 10444/15)

[*1]Sabrina Ortiz, respondent, 
v
Town of Islip, appellant, et al., defendants.


McGiff Halverson LLP, Patchogue, NY (Stephen J. McGiff and Justine Tocci of counsel), for appellant.
Siben & Siben, LLP, Bay Shore, NY (Alan G. Faber of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Town of Islip appeals from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated March 5, 2018. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly sustained personal injuries when she slid on ice and stepped into a pothole located on a street in the Town of Islip. The plaintiff commenced this action against, among others, the Town of Islip. The Town moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing that it did not receive prior written notice of the alleged defective condition in the roadway. The Supreme Court denied the motion, and the Town appeals.
To prevail on the motion, it was the Town's burden to establish, prima facie, that no prior written notice of the alleged defective condition was given to either the Town Clerk or the Commissioner of Public Works (see Code of the Town of Islip § 47A-3; see also Town Law § 65-a; Factor v Town of Islip, 134 AD3d 984; Betz v Town of Huntington, 106 AD3d 1041; Delaney v Town of Islip, 63 AD3d 658). In support of its motion for summary judgment, the Town submitted, inter alia, the affidavit of an administrative aide for the Department of Public Works and the transcript of the deposition testimony of a Town representative. In her affidavit, the aide concluded that the Town was not in receipt of prior written notice of any defective condition in the subject roadway based on her search "for any complaints filed with the Town." Although the aide specifically averred that she searched the Department of Public Works' records, she did not state that she searched the Town Clerk's records. The Town representative also failed to testify to what efforts, if any, were made to search the Town Clerk's records. Thus, the Town failed to establish, prima facie, that neither the Town Clerk nor the Commissioner of Public Works received prior written notice of the alleged defective condition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Betz v Town of Huntington, 106 AD3d 1041).
Since the Town failed to meet its prima facie burden, we need not consider the [*2]sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Betz v Town of Huntington, 106 AD3d 1041).
Accordingly, we agree with the Supreme Court's determination to deny the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
DILLON, J.P., LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court