Otto v Miller (2019 NY Slip Op 08417)





Otto v Miller


2019 NY Slip Op 08417


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-09102
 (Index No. 21859)

[*1]Chantal Otto, respondent, 
v
June Miller, etc., defendant, Town of Islip, appellant.


McGiff Halverson LLP, Patchogue, NY (Justine Tocci and Stephen J. McGiff of counsel), for appellant.
Cellino & Barnes, Garden City, NY (John Lavelle of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Town of Islip appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated May 25, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she tripped and fell on a defect in a sidewalk in the Town of Islip. The plaintiff commenced this personal injury action against the Town and another defendant. The Town moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that it did not have prior written notice of the alleged defect in the sidewalk. The Supreme Court denied the motion, and the Town appeals.
"Prior written notice laws are in derogation of the common law and must be strictly construed" (Lagrasta v Town of Oyster Bay, 88 AD3d 658, 658; see Gorman v Town of Huntington, 12 NY3d 275, 279). Pursuant to Town Law § 65-a and Code of the Town of Islip § 47A-3, as a precondition to commencing a civil action against the Town to recover damages for personal injuries sustained as a result of a defect in Town property, the Town must be given prior written notice of the defect (see Nixdorf v East Islip School Dist., 276 AD2d 759, 759). Town Law § 65-a(2) requires that "written notice . . . specifying the particular place, was actually given to the town clerk." Pursuant to the Code of the Town of Islip, "[n]o civil action shall be maintained against the Town . . . for damages or injuries . . . sustained by reason of any . . . sidewalk . . . owned or maintained by the Town . . . being defective . . . unless written notice of such defective . . . sidewalk . . . was actually given to the Town Clerk or Commissioner of Public Works" (Code of the Town of Islip § 47A-3[A] [emphasis added]).
In moving for judgment as a matter of law on the ground that it had no prior written notice, the Town had the initial burden of demonstrating that it had received no prior written notice of the alleged defective condition of the sidewalk (see Betz v Town of Huntington, 106 AD3d 1041, 1042; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). Here, the Town failed to meet its initial burden because it did not establish that it conducted a search of the Town Clerk's records [*2]for prior written notice. In support of its motion for summary judgment, the Town submitted the deposition testimony of a project supervisor for the Town's Department of Public Works, who testified that he directed an administrative aide to perform a record search of "the Town's complaint database." The Town also submitted an affidavit from the administrative aide for the Department of Public Works who conducted the search. The administrative aide stated that her duties included "searching the official records of the Department of Public Works" to determine "whether the Department of Public Works ha[d] been provided with any prior written notice" of any defects in the area where the incident occurred. The administrative aide stated that her search revealed that "the Town was not in receipt of any written notice or written complaints."
While this evidence established, prima facie, that the Town's Department of Public Works did not have prior written notice of the alleged defect in the sidewalk, neither the deposition testimony nor the affidavit state specifically that the Town Clerk's records were searched for prior written notice of the alleged defect (see Betz v Town of Huntington, 106 AD3d at 1042). The Town's failure to provide specific evidence that the records of both the Department of Public Works and the Town Clerk were searched for prior written notice constitutes a failure to demonstrate its prima facie entitlement to judgment as a matter of law. Accordingly, we agree with the Supreme Court's determination denying the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it (see id.).
In light of our determination, we need not reach the parties' remaining contentions.
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court