Maltese v Metropolitan Transp. Auth. (2020 NY Slip Op 00266)





Maltese v Metropolitan Transp. Auth.


2020 NY Slip Op 00266


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-11108
2016-11109
2016-11110
 (Index No. 16637/10)

[*1]Serphin Maltese, etc., respondent-appellant,
v
Metropolitan Transportation Authority, et al., respondents, Corato I Pizza & Restaurant Corp., appellant-respondent, et al., defendants.


Farber Brocks & Zane LLP, Garden City, NY (Tracy L. Frankel of counsel), for appellant-respondent.
Law Office of Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for respondent-appellant.
Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents Metropolitan Transportation Authority and New York City Transit Authority.
Martyn, Toher, Martyn & Rossi, Mineola, NY (Paul McBride and Thomas Ram of counsel), for respondent Greystone Corporate Realty Services.



DECISION & ORDER
In an action to recover damages for wrongful death, etc., the defendant Corato I Pizza & Restaurant Corp. appeals from three orders of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), each dated September 7, 2016, and the plaintiff cross-appeals from the third order. The first order granted the motion of the defendants JBSB Realty, LLC, and Salvatore Barretta for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The second order granted the motion of the defendant Greystone Corporate Realty Services for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The third order, insofar as appealed from, denied that branch of the motion of the defendants Corato I Pizza & Restaurant Corp. and Giuseppe Barretta which was for summary judgment dismissing the cross claim of the defendant New York City Transit Authority for contractual indemnification insofar as asserted against the defendant Corato I Pizza & Restaurant Corp. The third order, insofar as cross-appealed from, granted that branch of the motion of the defendants Corato I Pizza & Restaurant Corp. and Giuseppe Barretta which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the third order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendants Corato I Pizza & Restaurant Corp. and Giuseppe Barretta which was for summary judgment dismissing the cross claim of the defendant New York City Transit Authority for contractual indemnification insofar as asserted against the defendant Corato [*2]I Pizza & Restaurant Corp., is granted; and it is further,
ORDERED that the third order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that the appeal by the defendant Corato I Pizza & Restaurant Corp. from the first order is dismissed, as the defendant Corato I Pizza & Restaurant Corp. is not aggrieved by that order (see CPLR 5511); and it is further,
ORDERED that the appeal by the defendant Corato I Pizza & Restaurant Corp. from so much of the second order as granted that branch of the motion of the defendant Greystone Corporate Realty Services which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the defendant Corato I Pizza & Restaurant Corp. is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the appeal by the defendant Corato I Pizza & Restaurant Corp. from so much of the second order as granted that branch of the motion of the defendant Greystone Corporate Realty Services which was for summary judgment dismissing all cross claims insofar as asserted against it is dismissed as academic in light of our determination on the appeal from the third order; and it is further,
ORDERED that the defendant Corato I Pizza & Restaurant Corp. is awarded one bill of costs payable by the plaintiff and the defendants New York City Transit Authority and Metropolitan Transportation Authority appearing separately and filing separate briefs.
The plaintiff, the executor of the estate of Raymond Carrigan (hereinafter the decedent), commenced this wrongful death action against multiple defendants, alleging that the decedent tripped and fell on a raised, cracked sidewalk portion of the driveway apron of a parking lot located underneath the elevated subway line near the Fresh Pond Road station in Queens. The parking lot has two entrances, one on Fresh Pond Road and one on 60th Lane. The alleged defective sidewalk portion of the driveway apron is at the 60th Lane entrance to the parking lot which, at all relevant times, was gated and locked.
The defendants, JBSB Realty, LLC (hereinafter JBSB Realty), the owner of a building adjacent to the Fresh Pond Road entrance to the parking lot; Corato I Pizza & Restaurant Corp. (hereinafter Corato Pizza), which leases the ground floor of that building from JBSB Realty; Giuseppe Barretta, a principal of both Corato Pizza and JBSB Realty; Salvatore Barretta, a former principal of Corato Pizza and a current principal of JBSB Realty; the City of New York, alleged by the plaintiff to be the owner of the parking lot; the New York City Transit Authority (hereinafter the NYCTA) and the Metropolitan Transportation Authority (hereinafter the MTA; hereinafter together with the NYCTA, the Transit Authority defendants), which leased the parking lot from the City; and the defendant Greystone Corporate Realty Services (hereinafter Greystone), an account manager for the Transit Authority defendants, which handles billing and collects the rent for the parking lot on behalf of the Transit Authority defendants, each answered the complaint; several of them asserted cross claims against each other. Thereafter, JBSB Realty and Salvatore Barretta moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Corato Pizza and Giuseppe Barretta also moved, and Greystone separately moved, for the same relief as to each of them.
On September 7, 2016, the Supreme Court issued three orders deciding each of the motions and cross motions. In the first order, the court granted the motion of JBSB Realty and Salvatore Barretta, and, in the second order, it granted the motion of Greystone. In the third order, the court granted that branch of the motion of Corato Pizza and Giuseppe Barretta which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against Giuseppe Barretta, and also granted that branch of those defendants' motion which was for summary judgment dismissing the complaint and certain cross claims insofar as asserted against Corato Pizza. [*3]The court denied that branch of the motion of Corato Pizza and Giuseppe Barretta which was for summary judgment dismissing the NYCTA's cross claim for contractual indemnification insofar as asserted against Corato Pizza. Corato Pizza appeals from the first two orders and from so much of the third order as denied that branch of its motion which was for summary judgment dismissing the cross claim asserted against it by the NYCTA for contractual indemnification. The plaintiff cross-appeals from so much of the third order as granted that branch of the motion of Corato Pizza and Giuseppe Barretta which was for summary judgment dismissing the complaint insofar as asserted against them.
We agree with the Supreme Court's determination awarding summary judgment to Giuseppe Barretta dismissing the complaint and all cross claims insofar as asserted against him. Giuseppe Barretta established, prima facie, through his deposition testimony, that he acted only on behalf of Corato Pizza or JBSB Realty, not in his personal capacity. In opposition, the plaintiff failed to raise a triable issue of fact as to any individual liability on the part of Giuseppe Barretta (see Ali v Pacheco, 19 AD3d 439, 440; Perez v One Clark St. Hous. Corp., 108 AD2d 844, 845).
We also agree with the Supreme Court's determination awarding summary judgment to Corato Pizza dismissing the complaint insofar as asserted against it. "Administrative Code of the City of New York § 7-210 imposes a nondelegable duty on a property owner to maintain and repair the sidewalk abutting its property, and specifically imposes liability upon certain property owners for injuries resulting from a violation of the code provision" (Hsu v City of New York, 145 AD3d 759, 759-760; see Zorin v City of New York, 137 AD3d 1116, 1117). Generally, a tenant owes no duty to a third party to repair or maintain an abutting sidewalk absent certain exceptions not at issue here (see Hsu v City of New York, 145 AD3d at 760; Martin v Rizzatti, 142 AD3d 591, 592-593). Corato Pizza established, prima facie, that it owed no duty of care to the decedent with respect to the sidewalk portion of the driveway apron where the accident allegedly occurred through evidence demonstrating that Corato Pizza was not the owner of that property and that it neither created the defective condition where the alleged accident occurred nor made a special use of that sidewalk (see Zorin v City of New York, 137 AD3d at 1117; Collado v Cruz, 81 AD3d 542, 542). Contrary to the plaintiff's contention, Corato Pizza's obligation pursuant to its lease with JBSB Realty to pay a monthly rental fee to the NYCTA for the parking lot and to maintain the parking lot and the sidewalk area that abuts the building did not create a duty owed to third parties such as the decedent (see Dalder v Incorporated Vil. of Rockville Ctr., 116 AD3d 908, 909-910; Collado v Cruz, 81 AD3d at 542; see also Espinal v Melville Snow Contrs., 98 NY2d 136, 140). Moreover, Corato Pizza's obligation to JBSB Realty relates to the sidewalk that abuts the building, which is not the sidewalk where the decedent fell.
In opposition to the showing made by Corato Pizza, the plaintiff failed to raise a triable issue of fact (see Dalder v Incorporated Vil. of Rockville Ctr., 116 AD3d at 909). The plaintiff's argument that Corato Pizza is liable for the decedent's injuries because a March 1974 agreement between the NYCTA and the former owners of the building now owned by JBSB Realty (hereinafter the March 1974 agreement) pertaining to the parking lot is "so comprehensive and exclusive as to sidewalk maintenance as to entirely displace the landowner's duty to maintain the sidewalk" (Abramson v Eden Farm, Inc., 70 AD3d 514, 514 [internal quotation marks omitted]), raised for the first time on appeal, is not properly before this Court (see R & B Design Concepts, Inc v Wenger Constr. Co., Inc., 153 AD3d 864, 864).
The Supreme Court also should have granted that branch of the motion of Corato Pizza and Giuseppe Barretta which was for summary judgment dismissing the cross claim of the NYCTA for contractual indemnification insofar as asserted against Corato Pizza. A promise to indemnify "should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492; see Alayev v Juster Assoc., LLC, 122 AD3d 886, 887). In support of its motion, Corato Pizza proffered, inter alia, a copy of the March 1974 agreement, which expressly provided that the agreement may not be assigned or transferred by the tenant, and the deposition testimony of Giuseppe Barretta, who testified that Corato Pizza's right to use the parking [*4]lot arose from an oral agreement with the former owner of the building, and not the MTA. Moreover, the employee of the Transit Authority defendants charged with investigating the accident testified at her deposition that, upon completing her investigation, she did not have any knowledge of any agreement regarding the parking lot other than the March 1974 agreement between the NYCTA and the former owners of the building and two earlier agreements between those entities. She further testified that she did not know of any agreement between the NYCTA or the MTA and Corato Pizza. Since the only agreement asserted by the NYCTA as a basis for its cross claim against Corato Pizza is the March 1974 agreement, Corato Pizza established, prima facie, the absence of a contractual agreement to indemnify the NYCTA, and in opposition, the NYCTA failed to raise a triable issue of fact (see Desena v North Shore Hebrew Academy, 119 AD3d 631, 636; Foster v Herbert Slepoy Corp., 76 AD3d 210, 216).
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court