Hanus v Long Is. Rail Rd. (2020 NY Slip Op 04541)





Hanus v Long Is. Rail Rd.


2020 NY Slip Op 04541


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-08795
 (Index No. 13892/12)

[*1]Ortrud Hanus, et al., plaintiffs-respondents,
v
Long Island Rail Road, et al., appellants, County of Suffolk, defendant-respondent, et al., defendants.


Mulholland, Minion, Davey, McNiff & Beyrer, Williston Park, NY (Robert Seeman of counsel), for appellants Long Island Rail Road and Metropolitan Transportation Authority.
Vincent D. McNamara, East Norwich, NY (Anthony Marino and Karen J. Walsh of counsel), for appellant Town of Islip.
Rosenberg & Gluck, LLP, Holtsville, NY (Michael J. Famiglietti of counsel), for plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Long Island Rail Road and Metropolitan Transportation Authority appeal, and the defendant Town of Islip separately appeals, from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated July 11, 2017. The order, insofar as appealed from by the defendants Long Island Rail Road and Metropolitan Transportation Authority, denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The order, insofar as appealed from by the defendant Town of Islip, denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from by the defendants Long Island Rail Road and Metropolitan Transportation Authority, on the law, and the motion of those defendants for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Town of Islip; and it is further,
ORDERED that one bill of costs is awarded to the defendants Long Island Rail Road and Metropolitan Transportation Authority, payable by the plaintiffs, and one bill of costs is awarded to the plaintiffs, payable by the defendant Town of Islip.
The plaintiff Ortrud Hanus (hereinafter the injured plaintiff) allegedly tripped and fell over a defect while walking on a public sidewalk abutting a train station owned and operated by the defendants Long Island Rail Road (hereinafter LIRR) and Metropolitan Transportation Authority (hereinafter MTA), located in Ronkonkoma. The injured plaintiff, and her husband suing [*2]derivatively, commenced this personal injury action against, among others, LIRR, MTA, and the defendant Town of Islip.
Thereafter, LIRR and MTA moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that, as the abutting property owner, they could not be held liable for the injured plaintiff's injuries. The Town separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing that it did not own, control, or maintain the sidewalk at issue, that it did not have prior written notice of any alleged defective condition involving the subject sidewalk, and that the alleged defect at issue was trivial and, thus, not actionable. In the order appealed from, the Supreme Court denied both motions.
"An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty" (Romano v Leger, 72 AD3d 1059; see Hausser v Giunta, 88 NY2d 449, 453-454).
Here, LIRR and MTA demonstrated their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create the alleged defect, did not make special use of the sidewalk, and did not breach a statutory duty to maintain the abutting sidewalk (see James v County of Nassau, 85 AD3d 971; Ruffino v New York City Tr. Auth., 55 AD3d 819, 820-821; see also Logatto v City of New York, 51 AD3d 984, 985). Moreover, LIRR and MTA "demonstrated, prima facie, that the sidewalk was not an area serving primarily for ingress and egress to a [train] station that is served by a single carrier but, rather, the area at issue is akin to a common area in a multi-carrier facility, for which [they] did not owe any duty of care to maintain" (Mashall v Long Island R.R., 149 AD3d 721, 722). In opposition to LIRR and MTA's prima facie showing, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the motion of LIRR and MTA for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
With respect to the Town's motion, the Town sustained its initial burden of demonstrating its prima facie entitlement to judgment as a matter of law on the ground that it did not own or control the subject sidewalk by submitting evidence that it did not own or control the sidewalk at issue, or create the alleged defective condition. However, in opposition, the plaintiffs raised a triable issue of fact as to the applicability of Highway Law § 140(18), which imposes a duty on the Town to maintain certain sidewalks adjacent to state highways and county roads (see Flynn v Town of N. Hempstead, 97 AD2d 430).
Further, the Town failed to demonstrate its prima facie entitlement to judgment as a matter of law on the ground that it had no prior written notice of the alleged defect (see Betz v Town of Huntington, 106 AD3d 1041, 1042). The Town failed to submit evidence that its employees or agents had specifically searched the records maintained by the Town Clerk to determine whether it had prior written notice of the alleged sidewalk defect, as per the requirements of its Town Code. In addition, the Town failed to establish, prima facie, that the alleged sidewalk defect was too trivial to be actionable (see Grundstrom v Papadopoulos, 117 AD3d 788, 789). As a result, the burden never shifted to the plaintiffs to raise a triable issue of fact as to these two grounds (see id. at 789; Betz v Town of Huntington, 106 AD3d at 1042).
Accordingly, we agree with the Supreme Court's determination to deny the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court