Cochran v New York City Tr. Auth. (2025 NY Slip Op 06153)

Cochran v New York City Tr. Auth.

2025 NY Slip Op 06153

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-09931
 (Index No. 519409/21)

[*1]Raymond Cochran, respondent, 
v
New York City Transit Authority, et al., appellants.

Anna J. Ervolina, Brooklyn, NY (Adrienne Yaron of counsel), for appellants.
Harris Keenan Goldfarb PLLC, New York, NY (Judith Stempler and Scott Koplik of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated August 19, 2024. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly slipped and fell on black ice on a sidewalk abutting a subway station located near the corner of East 18th Street and Church Avenue in Brooklyn. The accident allegedly occurred while the plaintiff was still on East 18th Street, around the corner from the subway station entrance on Church Avenue. In August 2021, the plaintiff commenced this personal injury action, alleging that the defendants were negligent in maintaining the sidewalk. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order dated August 19, 2024, the Supreme Court denied the motion. The defendants appeal.
The Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Administrative Code of the City of New York § 7-210 imposes a nondelegable duty on a property owner to maintain and repair the sidewalk abutting its property, and specifically imposes liability upon certain property owners for injuries resulting from a violation of the code provision (see Zorin v City of New York, 137 AD3d 1116, 1117). Generally, a tenant owes no duty to a third party to repair or maintain an abutting sidewalk absent certain exceptions not at issue here (see Maltese v Metropolitan Transp. Auth., 179 AD3d 780, 783; Hsu v City of New York, 145 AD3d 759, 760).
"In 'areas that serve primarily for ingress and egress to a subway or other similar station that is served by a single carrier,' a common carrier must maintain a safe means of ingress and egress for the use of its passengers, even if the area is owned and maintained by another, so long as the area is constantly and notoriously used by its passengers as a means of approach" (Mashall v Long Is. R.R., 149 AD3d 721, 722, quoting Bingham v New York City Tr. Auth., 8 NY3d 176, 181).
Here, the defendants established, prima facie, that they did not own the property [*2]abutting the subject area of the sidewalk and that they neither created the defective condition where the plaintiff fell nor made special use of that area (see Maltese v Metropolitan Transp. Auth., 179 AD3d at 783-784; Zorin v City of New York, 137 AD3d at 1117; Arpi v New York City Tr. Auth., 42 AD3d 478, 479). The defendants further established, prima facie, that the portion of the sidewalk on which the plaintiff fell was not an area serving primarily for ingress and egress to a subway station (see Carrasquillo v New York City Tr. Auth., 220 AD3d 440, 441; see generally Mashall v Long Is. R.R., 149 AD3d at 722; Ruffino v New York City Tr. Auth., 55 AD3d 819, 821). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's contention that the lease governing the abutting property may have been "so comprehensive" so as to entirely displace the landowner's duty to maintain the sidewalk is improperly raised for the first time on appeal (Maltese v Metropolitan Transp. Auth., 179 AD3d at 784 [internal quotation marks omitted]).
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
DILLON, J.P., MILLER, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court