Bazarewski v Town of Islip
2026 NY Slip Op 03418
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Craig Bazarewski, appellant,
v
Town of Islip, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-10375, (Index No. 618520/20)
Colleen D. Duffy, J.P.
Francesca E. Connolly
Laurence L. Love
Susan Quirk, JJ.

Davis & Ferber, LLP, Islandia, NY (Jennifer A. Spellman of counsel), for appellant.
Perillo Hill, LLP, Sayville, NY (Lilia Factor and Timothy F. Hill of counsel), for respondent Town of Islip.
Christopher J. Clayton, County Attorney, Hauppauge, NY (James V. Derenze of counsel), for respondent County of Suffolk.
Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (John A. Beyrer, Dana M. Preston, and Daniel J. Jager of counsel), for respondents Long Island Railroad and Metropolitan Transportation Authority.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George M. Nolan, J.), entered August 14, 2024. The order, insofar as appealed from, granted the motion of the defendants Long Island Railroad and Metropolitan Transportation Authority for summary judgment dismissing the complaint insofar as asserted against them and those branches of the separate motions of the defendants Town of Islip and County of Suffolk which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action against the defendants Long Island Railroad (hereinafter the LIRR), Metropolitan Transportation Authority (hereinafter the MTA and together with the LIRR, the MTA defendants), Town of Islip, and County of Suffolk to recover damages for personal injuries he alleged he sustained when he tripped in a pothole in a parking lot near a railroad platform at the Ronkonkoma LIRR Station.
The MTA defendants moved for summary judgment dismissing the complaint insofar as asserted against them, on the ground that, as the abutting property owners, they were not liable for the plaintiff's alleged injuries. The Town and the County separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, on the ground that they lacked prior written notice of the allegedly defective condition of the parking lot. The plaintiff opposed the motions. In an order entered August 14, 2024, the Supreme Court, among other things, granted the MTA defendants' motion and those branches of the separate motions of the Town [*2]and the County. The plaintiff appeals.
"In 'areas that serve primarily for ingress and egress to a subway or other similar station that is served by a single carrier,' a common carrier must maintain a safe means of ingress and egress for the use of its passengers, even if the area is owned and maintained by another, so long as the area is constantly and notoriously used by its passengers as a means of approach" (Mashall v Long Is. R.R., 149 AD3d 721, 722, quoting Bingham v New York City Tr. Auth., 8 NY3d 176, 181). However, "[t]his duty of care 'has not been extended to common areas in a multi-carrier facility'" (id. at 722, quoting Bingham v New York City Tr. Auth., 8 NY3d at 181 n 1).
Here, the MTA defendants established, prima facie, that the parking lot where the plaintiff's accident occurred also served Suffolk County Transit busses and was therefore part of a multi-carrier facility. Accordingly, the MTA defendants did not owe any duty of care to maintain the parking lot (see id. at 722; see also Hanus v Long Is. Rail Rd., 186 AD3d 679, 681). In opposition, the plaintiff failed to raise a triable issue of fact.
"'A municipality that has adopted a prior written notice law cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies'" (D.D. v Incorporated Vil. of Freeport, 186 AD3d 795, 796 [internal quotation marks omitted], quoting Betz v Town of Huntington, 106 AD3d 1041, 1041). "Once a municipality establishes that it lacked prior written notice of an alleged defect, the burden shifts to the plaintiff to demonstrate that a question of fact exists as to one of the exceptions to the prior written notice requirement, either that the municipality affirmatively created the alleged hazardous condition or caused the hazardous condition to occur by the special use of the area in question" (Factor v Town of Islip, 134 AD3d 984, 985).
Here, the Town and the County have each enacted a prior written notice law (see Town Law § 65-a[2]; Code of Town of Islip § 47A-3[A]; Suffolk County Charter § C8-2[A][2]), and each established, prima facie, that it had not received any written notices regarding the allegedly defective condition of the parking lot. In opposition, the plaintiff failed to raise a triable issue of fact nor did he present any evidence that either exception to the prior written notice requirement applied in this case (see Amabile v City of Buffalo, 93 NY2d 471, 474-476).
Accordingly, the Supreme Court properly granted the MTA defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and those branches of the separate motions of the Town and the County which were for summary judgment dismissing the complaint insofar as asserted against each of them.
DUFFY, J.P., CONNOLLY, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court